IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,<br><br>    Plaintiff,<br><br> v.<br><br>CAMILLA J. WARRENDER,<br><br>    Defendant. | CIVIL ACTION NO. 11-CV-11054-DJC |

**EMERGENCY MOTION TO STAY**

  Camilla J. Warrender files this emergency motion to stay because, notwithstanding the pending Motion to Stay, Sovereign Bank has scheduled a foreclosure sale for the property at issue. After counsel for Ms. Warrender filed a Motion to Withdraw (with Ms. Warrender's assent) and a Motion to Stay proceedings for the short period of time necessary for Ms. Warrender to locate successor counsel, Sovereign Bank ("Sovereign") immediately tried to change the status quo to take unfair advantage of the situation. Within an hour of receipt of the Motion to Withdraw, Sovereign filed its Motion to Dismiss, which was not due for two more weeks. Now, notwithstanding a ripe and pending Motion to Stay, Sovereign has scheduled a foreclosure sale for *May 24, 2012 at noon.*

  Sovereign filed this action. Sovereign sought the protections and privileges of the Federal Court and asked for a judgment on the notes. Ms. Warrender counterclaimed and asserted affirmative defenses. Those defenses include a defense of rescission by recoupment which, if successful, would impact Sovereign's foreclosure rights. Thus, Sovereign's attempt to proceed with non-judicial foreclosure on the property at issue while this case and a Motion to

Stay is pending interferes with the Court's jurisdiction and is gamesmanship designed to take advantage of counsel's withdrawal.

As indicated to the Court at the hearing on the Motion to Enforce Settlement, Ms. Warrender intends to move for a preliminary injunction to preserve the status quo and will do so when she retains successor counsel. To force the situation, notwithstanding a Motion to Stay, simply to take advantage of Ms. Warrender while she is searching for new counsel, should not be countenanced.[1] The Court has the authority to issue all writs necessary or appropriate in aid of its jurisdiction, and it should exercise such authority here given the circumstances. See Ferreira v. MERS, Inc., 794 F. Supp. 2d 297, 299-300 (D. Mass. 2011) (noting in discussion of procedural history that plaintiffs had filed an emergency motion for injunctive relief to stay a scheduled foreclosure by the defendant pending adjudication of the instant action, which the District of Massachusetts granted for one month and set a further hearing); U.S. v. Yielding, 657 F.3d 722, 727 (8th Cir. 2011) ("injunctive relief under the All Writs Act need not rigidly comply with Rule 65's prescriptions so long as the injunction is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed.") (quoting In re Baldwin–United Corp., 770 F.2d 328, 338 (2d Cir.1985); Ben David v. Travisono, 495 F.2d 562, 563 (1st Cir. 1974) (affirming order issued under All Writs Act, 28 U.S.C. § 1651, not in compliance with Fed. Rule Civ. P. 26, 52 or 65).[2]

---

[1] As indicated in its Request to Submit a Response on the Motion to Withdraw, which the Court granted today, counsel for Ms. Warrender will be submitting a sealed affidavit describing the good grounds to withdraw that exist under the Rules of Professional Ethics as well as respond to Sovereign's erroneous assertions about prejudice. There is no prejudice in a withdrawal this early in a litigation made with the assent of the client, before even a response to an initial pleading was due, and while no motions were pending before the Court.

[2] The Anti-Injunction Act, 28 U.S.C. § 2283, is not applicable as foreclosure proceedings in Massachusetts are non-judicial.

2

WHEREFORE, Ms. Warrender asks that this Emergency Motion be ALLOWED, that the instant case be stayed for a period of 90 days, and that the Court order Sovereign Bank to cancel the foreclosure sale and refrain from further foreclosure proceedings during the period of this stay.  A proposed form of order is attached hereto.

Respectfully submitted,

CAMILLA J. WARRENDER,

By her attorneys,

*/s/ R. Victoria Fuller*
Debra Squires-Lee (BBO# 633619)
R. Victoria Fuller, (BBO# 666494)
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000
*dsquireslee@sherin.com*
*vfuller@sherin.com*

Date: April 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants as of April 26, 2012.

/s/ *R. Victoria Fuller*

R. Victoria Fuller

## **RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Ms. Warrender has conferred with counsel for the Plaintiff, Sovereign Bank, and Sovereign Bank does not assent to Defendant Camilla J. Warrender's Emergency Motion To Stay.

                                       /s/ *R. Victoria Fuller*

                                       R. Victoria Fuller

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANK,<br><br>              Plaintiff,<br><br>   v.<br><br>CAMILLA J. WARRENDER,<br><br>              Defendant. | **CIVIL ACTION NO. 11-CV-11054-DJC** |

### [PROPOSED] ORDER ON MOTION TO STAY

The case is stayed for a period of 90 (ninety) days from the date of this order or until Ms. Warrender obtains successor counsel who files a notice of appearance, whichever is earlier. Plaintiff is ordered to stop the scheduled foreclosure sale and to refrain from any further action to foreclose on defendant's property for a period of 90 (ninety) days from the date of this order or until the Court issues a decision on a Rule 65 Motion for Preliminary Injunction, whichever is earlier.

     So ordered:

Date: _____        _____
                                                      Casper, J.